UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| RICHARD LEE UPTON, JR., | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | No. | 3:19-CV-433-PLR-DCP |
| | ) | | |
| TOM SPANGLER and OFFICER TRIPETT, | ) ) ) | | |
| | ) | | |
| Defendants. | ) | | |

## MEMORANDUM OPINION

This pro se prisoner's complaint under 42 U.S.C. § 1983 is before the Court for screening pursuant to the Prison Litigation Reform Act ("PLRA"). For the reasons set forth below, this action will be **DISMISSED** for failure to state a claim upon which relief may be granted.

**I.     SCREENING STANDARD**

Under the PLRA, district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 . . . creates a right of action for the vindication of constitutional guarantees found elsewhere").

## II. ALLEGATIONS OF THE COMPLAINT

On May 15, 2019, while Plaintiff was housed at the Knox County Detention Facility, "a very agitated" Officer Tripett told Plaintiff in the presence of several witnesses that he was going to "tie [Plaintiff] down and flip [his] balls so [that he] could see how it felt" [Doc. 1 p. 3-4]. Plaintiff was later "written up" for threatening Officer Tripett [*Id.* at 4].

On May 20, 2019, Plaintiff was taken to "the hole," where he subsequently filed a grievance about Officer Tripett's statement to him [*Id.*]. A sergeant at the facility told Plaintiff that he had spoken to Officer Tripett, and the sergeant stated he "understood why [Officer Tripett] made the statement" [*Id.*]. The grievance committee stated that it did not condone Officer Tripett's behavior, and Officer Tripett was moved to another job [*Id.*].

Plaintiff filed the instant action against Officer Tripett and Knox County Sheriff Tom Spangler in their official capacities for the alleged violation of his constitutional rights [*Id.* at 1]. Specifically, Plaintiff claims that Officer Tripett should have been fired for his conduct, while Sheriff Tom Spangler "should have better control of his employ[ee]s" [*Id.*]. Plaintiff seeks monetary compensation and a court order asking Officer Tripett to resign his position [*Id.* at 4-5].

## III. ANALYSIS

### A. Official Capacity

A suit against a defendant in his or her official capacity is treated as an action against the governmental entity the officer represents. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (holding "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity"); *see, e.g.*, *Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Barber v. City of Salem*, 953 F.2d

232, 237 (6th Cir. 1992). In an action against a state officer acting in an official capacity, "the plaintiff seeks damages not from the individual officer, but from the entity from which the officer is an agent." *Pusey v. City of Youngstown*, 11 F.3d 652, 657 (6th Cir. 1993). Defendants were both employed by Knox County, Tennessee, at all times relevant to the current action. Therefore, Plaintiff's official-capacity claims constitute suit against Knox County. *See Graham*, 473 U.S. at 166; *see also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978) ("[O]fficial-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent.").

In order for Knox County to be liable under § 1983, Plaintiff must show that the alleged violation of his constitutional rights came about because of a policy or custom implemented by the County. *See Monell v. Dep't of Soc. Servs*, 436 U.S. 658, 708 (1978) (Powell, J., concurring) (explaining a municipality can only be held liable for harms that result from a constitutional violation when that underlying violation resulted from "implementation of its official policies or established customs"). Here, Plaintiff has not suggested that his rights were violated pursuant to a policy or regulation of Knox County, and therefore, he has not asserted a claim against either Defendant in his official capacity.

### B. Individual Capacity

Out of an abundance of caution, the Court alternatively considers whether Plaintiff could state a claim against Defendants if he were allowed to amend his complaint to assert a claim against either Defendant in his individual capacity. The Court finds that amendment would not aid Plaintiff in this case, as he has likewise failed to state an individual-liability claim against either Defendant.

First, the Court finds that Plaintiff's allegation against Officer Tripett fails to state a claim against the officer in his individual capacity, as verbal harassment – even that which is offensive,

unprofessional, and threatening – fails to state a constitutional violation. *See Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987); *see also Miller v. Wertanen*, 109 F. App'x 64, 65 (6th Cir. 2004) (finding guard's threat of sexual assault did not violate plaintiff's constitutional rights).

Similarly, the Court finds that Plaintiff's allegations against Sheriff Spangler fail to state a claim against him in his individual capacity, as Plaintiff merely states that Sheriff Spangler should have "had better control" of Officer Tripett [Doc. 1 p. 4]. The Sixth Circuit has held that government officials may be individually liable under § 1983 for a failure to supervise only if they "either encouraged the specific incident of misconduct or in some other way directly participated in it." *Harvey v. Campbell Cnty., Tenn.*, 453 F. App'x 557, 563 (6th Cir. 2011); *see also Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002) (explaining that "[s]upervisory liability under § 1983 does not attach when it is premised on a mere failure to act; it 'must be based on active unconstitutional behavior'") (quoting *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)). Plaintiff's allegations against Sheriff Spangler do not suggest any personal involvement or active encouragement of Officer Tripett's behavior, and accordingly, Plaintiff cannot sustain a § 1983 action against Sheriff Spangler in his individual capacity.

**C.     Damages**

Finally, the Court finds that even if Plaintiff had stated an actionable claim, he would nonetheless be prevented from recovering monetary damages in this suit, as he suffered no physical injury as a result of the violation alleged. *See* 42 U.S.C. § 1997e(e) (prohibiting prisoner suit for mental or emotional injury absent showing of physical injury).

Accordingly, Plaintiff's allegations against Defendants Spangler and Tripett fail to state a claim upon which § 1983 relief may be granted, and this action will be **DISMISSED**.

**IV. CONCLUSION**

For the reasons set forth above, even liberally construing the complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted under § 1983. Accordingly, this action will be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

**E N T E R :**

_____
**CHIEF UNITED STATES DISTRICT JUDGE**